Joseph NOTARIANNI

v.

Jesse CARTER and Joyce Carter.

No. 2001–31–Appeal.

Supreme Court of Rhode Island.

May 17, 2002.

Arthur E. Chatfield, III, Providence.

Michael S. Kiernam, Warwick.

Bernard Patrick Healy, Providence.

### ORDER

The plaintiff, Joseph Notarianni, has appealed a Superior Court judgment in favor of the defendants, Jesse Carter (Jesse) and Joyce Carter (Joyce) in this personal injury case resulting from an automobile accident. The case came before the Supreme Court for oral argument on May 14, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. We are of the opinion

that no cause has been shown, and we summarily deny and dismiss the appeal.

In his complaint, plaintiff sought damages of $7,500 for his personal injuries, alleging that on July 11, 1992, while driving a vehicle owned by Joyce, Jesse negligently caused a collision with plaintiff's vehicle on Route 6 in Foster, Rhode Island. The case was tried before a Superior Court justice, sitting without a jury. The justice found in favor of defendants, stating, "[T]here has been a failure on the part of the plaintiff * * * to prove that this defendant's operating of the vehicle at the time and place was a proximate cause of this accident."

On appeal, plaintiff claimed that the trial justice was biased against him. Specifically, plaintiff argued, "[I]t is apparent from [the trial justice's] remarks in the [plaintiff's] direct case in chief that he had some inherent bias against the [plaintiff]." The plaintiff further contended that the trial justice "presuppose[d] that the [plaintiff] intend[ed] to file an appeal."

We have held that "mere criticism is not sufficient" to establish judicial bias. *Olivieri v. Olivieri*, 760 A.2d 1246, 1252 (R.I. 2000) (per curiam). In this case, the justice's comments on the presentation of evidence were not necessarily biased but, rather, were comments directed toward preserving the record for appeal.

The plaintiff also contended that the trial justice erred by failing to find that Jesse's credibility was impeached by inconsistencies between his trial testimony and his statement to the police at the time of the accident, and he further asserted that the justice wrongfully disregarded plaintiff's testimony that he looked toward oncoming traffic.

"It is well settled that the 'findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be

disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.'" *Foley v. Osborne Court Condominium,* 724 A.2d 436, 439 (R.I.1999) (quoting *Technology Investors v. Town of Westerly,* 689 A.2d 1060, 1062 (R.I.1997)). Furthermore, we accord great weight to a trial justice's determinations of credibility, which, inherently, "are the functions of the trial court and not the functions of the appellate court." *Raheb v. Lemenski,* 115 R.I. 576, 579, 350 A.2d 397, 399 (1976).

Here, the trial justice's determination that Jesse was not negligent was strongly supported by the record. The damage to the rear driver's side of defendant's car and to the two front quarters of Joyce's vehicle was consistent with Jesse's testimony that he attempted to avoid plaintiff's vehicle by moving to the left lane when plaintiff backed out onto the right lane, but that the collision occurred when plaintiff proceeded into the left lane and began a U-turn. Furthermore, the justice's finding that plaintiff never looked easterly toward oncoming traffic was consistent with this description of the accident.

In addition, the plaintiff cited *Tormey v. Cassidy,* 69 R.I. 302, 33 A.2d 181 (1943), for the proposition that a trier of fact must "pass on" credibility in rendering a decision. We disagree with the plaintiff's application of *Tormey* and note that this Court expressly held in *Tormey* that, "where the evidence is conflicting and especially where the credibility of witnesses is involved, * * * it is well established that this court will not disturb the findings of fact by a trial justice unless clearly wrong." *Id.* at 308, 33 A.2d at 184. Although findings regarding credibility may be helpful on review, the record in this case provides ample support for the trial

justice's decision, and we decline to overturn the judgment on the ground that the credibility of the witnesses was not expressly discussed.

Having carefully reviewed the record in the case, the memoranda of the parties, and the oral arguments of counsel, we are of the opinion that the trial justice did not overlook or misconceive material evidence. Therefore, we summarily affirm the Superior Court judgment in favor of the defendants. Accordingly, we deny and dismiss the plaintiff's appeal and return the papers in the case to the Superior Court.