AUTO GLASS EXPRESS, INC. *v.* HANOVER
INSURANCE COMPANY

ED STEBEN GLASS COMPANY, INC. *v.* HANOVER
INSURANCE COMPANY
(AC 25863)

Flynn, C. J., and Gruendel and Berdon, Js.

Argued September 12—officially released December 26, 2006

*Charles J. Lloyd*, pro hac vice, with whom was *Richard Preston*, for the appellants (plaintiffs).

*Charlene M. Russo*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. This consolidated appeal involves the doctrine of accord and satisfaction[1] of a negotiated instrument, as codified in article three of the Uniform Commercial Code (UCC) and adopted by Connecticut in General Statutes § 42a-3-311.[2] The plaintiffs, Auto Glass Express, Inc. (Auto Glass), and Ed Steben Glass

---

[1] "An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed." (Internal quotation marks omitted.) *Herbert S. Newman & Partners, P.C.* v. *CFC Construction Ltd. Partnership*, 236 Conn. 750, 764, 674 A.2d 1313 (1996).

[2] General Statutes § 42a-3-311 provides: "(a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

"(b) Unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

"(c) Subject to subsection (d), a claim is not discharged under subsection (b) if either of the following applies:

"(1) The claimant, if an organization, proves that (i) within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place, and (ii) the instrument or accompanying communication was not received by that designated person, office, or place.

"(2) The claimant, whether or not an organization, proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim

Company, Inc. (Ed Steben), appeal from the judgments of the trial court, rendered in favor of the defendant, the Hanover Insurance Company, on its special defense of accord and satisfaction. On appeal, the plaintiffs claim that the court improperly applied the doctrine of accord and satisfaction by (1) finding that the defendant's instruments were tendered in good faith, (2) finding that the defendant's written communication contained a conspicuous statement to the effect that the instruments were tendered as full satisfaction of the claim and (3) applying § 42a-3-311 (d) independently from the other subsections of the statute. We reverse the trial court's judgments on the special defense of accord and satisfaction and remand the matter for further proceedings on the plaintiffs' claims of breach of contract.

The following facts and procedural history are relevant to the plaintiffs' appeal. The defendant entered into automobile insurance contracts, which included glass replacement coverage, with owners of motor vehicles. The plaintiffs, automobile glass repair companies doing business in Connecticut, replaced glass for several of these owners, who had assigned to the plaintiffs their rights of reimbursement from the defendant. After having submitted invoices for the glass repair work to the Safelite Glass Corporation (Safelite), the defendant's third party administrator, the plaintiffs received reimbursement from the defendant at a lesser amount than that submitted.[3]

---

is asserted. This paragraph does not apply if the claimant is an organization that sent a statement complying with paragraph (1) (i).

"(d) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim."

[3] Safelite was a third party administrator for various insurance companies, and it customarily tendered checks that included reimbursement for several repairs from a number of different insurers.

Prior to the present dispute, the defendant had sent periodic letters to the plaintiffs, informing them of the rates that they would reimburse an automotive glass repair company for glass service. The instruments in dispute were issued by Safelite during the years 2001 to 2003.[4] The description on the explanation of benefits form that accompanied each of the disputed payments included the words "FAIR AND REASONABLE PAYMENT" or "REASONABLE & CUSTOMARY ADJ." after the defendant's name. The plaintiffs promptly negotiated the checks they had received from Safelite.

After the plaintiffs' claims were filed separately in small claims court, they were removed to the Superior Court and then consolidated for trial on the complex litigation docket. Although the cases between each of the two plaintiffs and the defendant differed as to particulars, both plaintiffs asserted generic legal arguments, claiming breach of contract. In its amended answer and special defense to the plaintiffs' substituted complaints, the defendant denied the allegations and asserted three special defenses, including accord and satisfaction. On July 20 and 21, 2004, the court conducted an evidentiary hearing and on September 14, 2004, issued a memorandum of decision in which it found that the defendant had proven by a preponderance of the evidence all of the elements of accord and satisfaction. This appeal followed.

I

The plaintiffs first claim that the checks tendered on behalf of the defendant were not tendered in good faith as required by § 42a-3-311 (a). We disagree.

We first set forth the applicable standard of review. "[W]here the factual basis of the court's decision is

---

[4] The payments accurately reflected the rates included in the periodic letters.

challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Celentano* v. *Oaks Condominium Assn.*, 265 Conn. 579, 617, 830 A.2d 164 (2003).

Section 42a-3-311 (a) provides: "If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply." It is undisputed that the amount of the claims were unliquidated or subject to a bona fide dispute and that the plaintiffs negotiated the instruments tendered and thus received payment. The defendant must prove that it tendered payment in good faith, therefore, before it can establish accord and satisfaction under the following subsections.

"Good faith" in the context of negotiable instruments is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." General Statutes § 42a-3-103 (a) (4); see also General Statutes Annotated § 42a-3-311, comment (4) (West 2002). UCC comment (4) to § 42a-3-311 continues by stating that "[t]he meaning of 'fair dealing' will depend upon the facts in the particular case. For example, suppose an insurer tenders a check in settlement of a claim for personal injury in an accident clearly covered by the insurance policy. The claimant is necessitous and the amount of the check is very small in relationship to the extent of the injury and the amount recoverable under the policy. If the trier of fact determines that the insurer

was taking unfair advantage of the claimant, an accord and satisfaction would not result from payment of the check because of the absence of good faith by the insurer in making the tender." General Statutes Annotated § 42a-3-311, comment (4) (West 2002); accord *IFC Credit Corp.* v. *Bulk Petroleum Corp.*, 403 F.3d 869, 874 (7th Cir. 2005) ("[o]rdinarily the good faith requirement is violated where there is no bona fide mutual dispute concerning consideration, or *the party tendering the payment affirmatively misleads the claimant*" [emphasis added]).

The evidence supports the court's finding that the defendant acted in good faith. The court stated that "[b]efore the plaintiffs replaced glass elements on the motor vehicles that are the subject of these actions, they received from the defendant by way of written payment schedules, the prices the defendant was willing to pay for the diverse types of glass replacement work that might need to be done. The specific reimbursement amounts fluctuated over time and varied depending on make, model and year, and the quality of product needing replacement." The evidence demonstrates that the defendant's rates were based on the National Auto Glass Specifications and were in accord with reasonable commercial standards.

The plaintiffs further argue that the defendant's practice of routinely printing "FAIR AND REASONABLE PAYMENT" and "REASONABLE & CUSTOMARY ADJ." on *all* of the explanation of benefits forms that accompanied the Safelite checks at issue demonstrated the defendant's lack of good faith. The UCC comments to § 42a-3-311 state: "Another example of lack of good faith is found in the practice of some business debtors in routinely printing full satisfaction language on their check stocks so that all or a large part of the debts of the debtor are paid by checks bearing the full satisfaction language, *whether or not there is any dispute with the*

*creditor.* Under such a practice the claimant cannot be sure whether a tender in full satisfaction is or is not being made. Use of a check on which full satisfaction language was affixed routinely pursuant to such a business practice *may* prevent an accord and satisfaction on the ground that the check was not tendered in good faith under subsection (a) (i)." (Emphasis added.) General Statutes Annotated § 42a-3-311, comment (4) (West 2002).

The plaintiffs cite *Jones* v. *Allstate Ins. Co.*, 146 Wash. 2d 291, 45 P.3d 1068 (2002) (en banc), for this proposition. In *Jones*, the evidence adduced during a deposition of the claims adjuster demonstrated that the full satisfaction language routinely appeared on the insurer's settlement checks. Id., 313. The claims adjuster admitted that the language was part of a computer generated check system and that the wording was standard. Id., 314. The Washington Supreme Court held: "It appears therefore that the computer generated check at issue in this case falls squarely within the example of lack of good faith provided by the [UCC] commentary. . . . [W]e find that evidence on the record shows that [the defendant] routinely printed full satisfaction language on its checks. Because the transaction does not meet the good faith requirement of [the applicable state law] [the defendant] may not assert the affirmative defense of accord and satisfaction . . . ." (Citations omitted.) Id.

The plaintiffs claim that, as in *Jones*, the language on the explanation of benefits forms are included mechanically, without consideration of whether the amount was disputed, and for that reason the defendant is not entitled to accord and satisfaction. We disagree. A careful review of the record indicates, as the court found, that the defendant acted in good faith when it offered payments that matched those included in the letters sent to the plaintiffs periodically. Furthermore,

there was no misunderstanding as to whether the amount was disputed because in *every* case the payment was less than the amount the plaintiffs had submitted. There is nothing in the record that evinces a lack of good faith on the part of the defendant in consistently including the language with the payments.[5]

## II

The plaintiffs further claim that neither the checks nor the accompanying explanation of benefits forms submitted by the defendant contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim, as required by § 42a-3-311 (b). Specifically, they claim that the words "FAIR AND REASONABLE PAYMENT" and "REASONABLE & CUSTOMARY ADJ." did not alert them adequately that the payments were intended to be full and final settlements of the claims. We agree.

We begin by setting forth the appropriate standard of review. Because the resolution of this claim involves a question of whether the facts found were insufficient to support the court's legal conclusion, this issue presents a mixed question of law and fact to which we apply plenary review. See *First National Bank of Litchfield* v. *Miller*, 97 Conn. App. 388, 398, 904 A.2d 1282, cert. granted on other grounds, 280 Conn. 931, 909 A.2d 957, 280 Conn. 940, 912 A.2d 475 (2006).

Section 42a-3-311 (b) provides an opportunity for the debtor to have a claim discharged: "Unless subsection (c) applies, the claim is discharged if the person against

---

[5] We find unavailing the plaintiffs' concurrent claim that Safelite's tender of the payments from the defendant in conjunction with payments from other insurance companies provides further evidence of the defendant's lack of good faith. We agree with the court that "[t]he plaintiffs could easily have notified Safelite of the problem, and new checks excluding the disputed amounts could have been issued. This rejection process seems no more complicated than that inherent in the refusal of any other check where the payment amount is controverted."

whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." A statement is conspicuous if it is "so written . . . that a reasonable person against [whom] it is to operate ought to have noticed it. . . ." General Statutes § 42a-1-201 (10). "If the claimant can reasonably be expected to examine the check, almost any statement on the check should be noticed and is therefore conspicuous." General Statutes Annotated § 42a-3-311, comment (4) (West 2002). Although a reasonable person inspecting the checks undoubtedly would have noticed the conspicuous language, the evidence presented does not comport with the assertion that the statements contained in the instruments clearly indicated that the payment was intended to be tendered as full satisfaction of the claims.

In *Douthwright* v. *Northeast Corridor Foundations*, 72 Conn. App. 319, 805 A.2d 157 (2002), the plaintiffs had entered into a settlement of their personal injury action against the defendants, who failed to tender immediate payment. Id., 321–22. Subsequent to a hearing for default, the defendants tendered payment of the principal amount, accompanied by a cover letter. Id., 322. In affirming the judgment of the trial court, this court further noted that "[t]he [trial] court found that the letter sent by the defendant did not communicate its intent to seek discharge of its principal obligation as well as of its indebtedness for interest. Presumably, this failure of communication means that the requirements of subsection (b) [of § 42a-3-311] were also not met." Id., 326 n.9.

Connecticut case law and the commentary to the relevant UCC provision are silent with regard to the exact language necessary to manifest the intent of full satisfaction pursuant to subsection (b). Two recent

cases from other states, however, touch on the language required for a finding of accord and satisfaction pursuant to subsection (b). See, e.g., *Hoerstman General Contracting, Inc.* v. *Hahn*, 474 Mich. 66, 79–80, 711 N.W.2d 340 (2006) (ruling that accord and satisfaction existed, in part, because defendants wrote 'final payment' in capital letters); *Futrelle* v. *Duke University*, 127 N.C. App. 244, 250, 488 S.E.2d 635 (finding letter accompanying check satisfied accord and satisfaction as matter of law, in part, due to reference to final arbitration award in letter), review denied, 347 N.C. 398, 494 S.E.2d 412 (1997).

Although periodic letters were sent to the plaintiffs informing them of the prices the defendant was willing to pay,[6] no letter was sent with the checks. The accompanying explanation of benefits forms included only the words "FAIR AND REASONABLE PAYMENT" and "REASONABLE & CUSTOMARY ADJ." During the hearing, the defendant's national claims director testified that auto glass repair companies have the option to accept payment of the claims and sue for the remaining portion. The evidence shows that several of the glass repair companies were paid less than the amount of the invoices that they had submitted. Although the plaintiffs were the only ones to sue the defendant, the conspicuous language contained in the explanation of benefits form does not relieve the defendant of the obligation to state that the payment is full and final. Therefore, the defendant has failed to prove that the instruments or an accompanying written communication contained

---

[6] The letters themselves did not condition the payment of claims on their being full and final settlement; in fact, the letters stated only that "[b]ills that are accurate and are not more than this pricing structure will be paid promptly as submitted." The letters were silent about bills that were more than the allowable claims. The letters, therefore, do not evidence an intention on the part of the defendant not to pay a greater amount, but rather an intention not to pay a greater amount "promptly."

a conspicuous statement to the effect that the instruments were tendered as full satisfaction of the claims, and thus the plaintiffs' claims were not discharged under § 42a-3-311 (b).

## III

Finally, the plaintiffs claim that the court improperly interpreted the relevant statute by applying § 42a-3-311 (d)[7] independently to find an accord and satisfaction. Specifically, they argue that subsection (d) merely modifies subsection (c) and does not provide an independent basis for finding accord and satisfaction. We agree.

Whether § 42a-3-311 (d) can be considered as a distinct basis for a finding of accord and satisfaction without first considering subsection (c) is a question of statutory interpretation. Because this claim involves a question of statutory interpretation, which is a question of law, our review is plenary. See *Board of Education* v. *Tavares Pediatric Center*, 276 Conn. 544, 556, 888 A.2d 65 (2006). "Relevant legislation and precedent guide the process of statutory interpretation. [General Statutes § 1-2z] provides that, [t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.)

---

[7] General Statutes § 42a-3-311 (d) provides: "A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim."

The court explicitly found that "the plaintiffs . . . *knew* that the defendant was tendering payment in full satisfaction for the work done on behalf of its insureds." (Emphasis added.)

*Cammarota* v. *Planning & Zoning Commission*, 97 Conn. App. 783, 789 n.4, 906 A.2d 741 (2006).

The court stated that, after the defendant proved the requirements of subsection (a), "the claim is discharged if *either* of the two scenarios set forth in subsections (b) and (d) exists." (Emphasis added.) Section 42a-3-311 (b) begins with the conditional statement: "Unless subsection (c) applies . . . ." Here, subsection (c) does not apply and was not considered by either party or the court. The only reference to subsection (d) is found at the beginning of subsection (c), which states that "[s]*ubject to subsection (d)*, a claim is not discharged under subsection (b) if either of the following applies . . . ." (Emphasis added.) Subsection (c) then offers two options, the occurrence of either of which will prevent discharge of a claim. Subsection (d) then offers the opportunity for the claim to be discharged, *notwithstanding the application of subsection (c)*.[8] In light of the plain and unambiguous language included in § 42a-3-311, the court's treatment of subsection (d) as affording a debtor an independent means of proving accord and satisfaction is improper.

The judgments are reversed and the cases are remanded for further proceedings on the plaintiffs' breach of contract claims.

In this opinion the other judges concurred.

---

[8] One treatise, in fact, in explaining the application of subsection (c), notes that subsection (d) "is an exception to this exception." 2 J. White & R. Summers, Uniform Commercial Code (4th Ed. 1995) § 16-15, p. 145.