John **SOARES**

v.

Joseph M. **LANGLOIS.**

No. 2006–270–Appeal.

Supreme Court of Rhode Island.

Nov. 16, 2007.

Laura Harrington, Middletown, for Petitioner.

Paul Anderson, for Respondent.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

Does the negotiation of an insurance company check bearing the language "SETTLEMENT FOR INJURY SUSTAINED FROM AUTO ACCIDENT ON 8–4–00" constitute an accord and satisfaction with respect to the payee's claim for personal injury arising from such accident? A trial justice ruled that in the circumstances of this case it did, and accordingly he dismissed the plaintiff's complaint. The plaintiff, John Soares, now appeals from the judgment entered in favor of the defendant, Joseph M. Langlois.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the parties' written and oral submissions, we are satisfied that the appeal may be decided without the necessity of further briefing or argument. We affirm the judgment of the Superior Court.

### Facts and Procedural History

The parties were involved in a minor vehicle collision on August 4, 2000, at the intersection of Third Street and Cherry Street in Newport, Rhode Island. As a result of the collision, Mr. Soares missed four days of work and paid one visit to his physician. In September 2000, Mr. Soares received a check for $1,000 from Allstate Insurance Company (Allstate), Mr. Langlois's insurance carrier, with the notation "SETTLEMENT FOR INJURY SUSTAINED FROM AUTO ACCIDENT ON 8–4–00" in the upper left-hand corner of the instrument. Mr. Soares read the statement on the check and negotiated the check. Mr. Soares testified that he believed the check was compensation only for lost wages and not for any personal injury claim. Shortly after negotiating the check, Mr. Soares consulted with an attorney, who then wrote a letter to William Cronin, the Allstate claims adjuster handling Mr. Soares's claim. The letter referred to damage to the rear brakes on Mr. Soares's automobile and requested an additional payment of $244.83. The attorney's letter

did not mention, much less demand, any payment for personal injuries. On May 9, 2001, Mr. Soares filed a complaint in Superior Court alleging that because of Mr. Langlois's negligence, he suffered property damage to his motor vehicle, personal injury that resulted in "great pain of body and mind," and lost wages. Mr. Langlois denied any negligence and asserted the affirmative defense of accord and satisfaction.

▬ When the case was reached for trial in January 2005, the parties agreed that the trial justice could hold a hearing on Mr. Langlois's affirmative defense of accord and satisfaction before impaneling a jury. After the hearing, the trial justice issued a bench decision ruling that Mr. Soares accepted the check from Allstate in final satisfaction of his personal injury claim. The trial justice dismissed the complaint, prompting plaintiff to file a notice of appeal on April 13, 2005.[1]

### Standard of Review

▬ On appeal, Mr. Soares first argues that the trial court applied an incorrect standard of review. Namely, Mr. Soares contends that the trial justice was required to use the standard of review applicable to "a motion for directed verdict,"[2] "or judgment as a matter of law, or * * * a motion for summary judgment." Thus, he asserts, it was incumbent upon the trial justice to examine the evidence and all inferences reasonably flowing from it in the light most favorable to plaintiff. The trial justice erred, Mr. Soares maintains, by impermissibly weighing the evidence and

the credibility of the witnesses and by making factual findings. All such determinations should have been submitted to a jury at a subsequent trial, he asserts.

In response, Mr. Langlois argues that the parties had agreed that the affirmative defense of accord and satisfaction would be decided by the trial justice before impaneling a jury because his decision on that issue would be potentially dispositive of the case. He contends, therefore, that the factual findings of a trial justice sitting without a jury are entitled to great weight and should not be disturbed unless the trial justice overlooked or misconceived material evidence.

We have carefully reviewed the record, and we conclude that the trial justice appropriately assessed the credibility of the witnesses, weighed the evidence, and made factual determinations in ruling that there indeed had been an accord and satisfaction. Although we are unable to ascertain from the transcripts submitted to us the precise nature of any agreements the parties may have made with respect to the hearing, it is clear to us that Mr. Soares never articulated an objection to the process that the trial justice used to resolve the issue of accord and satisfaction. *See Thomas v. Ross,* 477 A.2d 950, 953 (R.I. 1984).

At the outset of the hearing, the trial justice said, "The matter is before the Court for trial, assuming we get to that point because there is an issue the defendant has raised that must be resolved before the jury is or can be impaneled, and

---

1. Mr. Soares filed his notice of appeal before the judgment in this case was entered on September 25, 2006. This Court generally treats a premature notice of appeal as timely if a final judgment is entered. *McAdam v. Grzelczyk,* 911 A.2d 255, 258 n. 4 (R.I.2006) (citing *Dovenmuehle Mortgage, Inc. v. Antonelli,* 790 A.2d 1113, 1114 n. 1 (R.I.2002)).

2. "The standard for granting a motion for judgment as a matter of law is the same as that applicable to its precursor, a motion for a directed verdict." *Perry v. Alessi,* 890 A.2d 463, 468 n. 3 (R.I.2006).

that is the question of an accord and satisfaction." Addressing defendant's counsel, he then indicated, "I believe the burden * * * is on you to proceed to demonstrate that there was, indeed, an accord and satisfaction." Mr. Soares fully participated in the evidentiary hearing, cross-examining witnesses, objecting to the introduction of certain documents into evidence, and offering to stipulate to the number of times he sought medical treatment. At one point during defendant's direct examination of Mr. Soares, the latter's counsel objected to a line of questioning, explaining, "I believe the purpose of this hearing is only to ascertain the party's [sic] intent when the check was sent."

We also note the introductory statement of the trial justice in delivering his bench decision:

"Knowing that this matter was scheduled for a trial to get underway today, at the request of the attorneys I met with them last week in chambers, and while either one of you can correct me if I'm wrong in my recollection, the discussion, in so many words, was that accord and satisfaction or whether an accord and satisfaction exist, at least in the context of this case, is a matter of law and that there should be a hearing such as the one we just conducted to determine whether there was, in fact, a meeting of the minds, or, to phrase it another way, whether somehow Allstate took an unconscionable advantage of Mr. Soares relative to the settlement in this case, the settlement, which, of course, the plaintiff says is invalid, and, indeed, there is no accord and satisfaction."

■ To determine whether there was a "meeting of the minds," or, as plaintiff suggested, to ascertain the parties' intent,

the trial justice necessarily was required to assess credibility and weigh the evidence. We are satisfied, therefore, in the context of this case that the trial justice appropriately resolved factual issues in determining that there had been an accord and satisfaction. On appeal, it is well settled that the factual findings of a trial justice sitting without a jury are entitled to great deference and will not be disturbed by this Court unless the trial justice overlooked or misconceived material evidence or otherwise was clearly wrong. *Notarianni v. Carter,* 797 A.2d 1075, 1075–76 (R.I.2002) (mem.) (citing *Foley v. Osborne Court Condominium,* 724 A.2d 436, 439 (R.I. 1999)).

## Accord and Satisfaction

■ Mr. Soares also argues that defendant failed to satisfy his burden of proving that plaintiff's negotiation of the check constituted an accord and satisfaction in this case. Specifically, he alleges the check failed to provide him with adequate notice and warning that it was intended to discharge all obligations and liabilities because it did not indicate that the payment was to be in full or final satisfaction of all plaintiff's claims arising out of the automobile accident, and it failed "to explicitly indicate the obligation to which the alleged full-payment check related."

This Court has long recognized the common-law rule of accord and satisfaction,[3] in which "[a]n agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is a bar to all actions." *Lamoureaux v. Merrimack Mutual Fire Insurance Co.,* 751 A.2d 1290, 1293 (R.I.2000) (quoting

---

3. The doctrine as applied to negotiable instruments is now codified in G.L.1956 § 6A–3–311 entitled "Accord and satisfaction by use of instrument," which became effective on July 1, 2001.

*Kottis v. Cerilli,* 612 A.2d 661, 664 (R.I. 1992)); *see also Allstate Insurance Co. v. Lombardi,* 773 A.2d 864, 872 n. 4 (R.I. 2001). We have said that the doctrine of accord and satisfaction provides that "when two parties agree to give and accept something in satisfaction of a right of action which one has against the other, and that agreement is performed, the right of action is subsequently extinguished." *ADP Marshall, Inc. v. Brown University,* 784 A.2d 309, 313 (R.I.2001). For an accord and satisfaction to be binding "[t]here must be *accompanying expressions sufficient to make the creditor understand,* or to make it unreasonable for him not to understand, that the performance is offered to him as full satisfaction of his claim and not otherwise." *Weaver v. American Power Conversion Corp.,* 863 A.2d 193, 198 (R.I.2004) (quoting 6 *Corbin on Contracts,* § 1277 at 118 (1962)). When determining whether an accord and satisfaction exists the intention of the parties must be "determined by the usual processes of interpretation, implication, and construction." *Id.* (quoting 6 *Corbin on Contracts,* § 1293 at 190). Furthermore, the party asserting the affirmative defense of accord and satisfaction must show that an agreement exists and that the "agreement was accepted in exchange for refusal to press a right of action." *Kottis,* 612 A.2d at 665.

In the case before us, Mr. Langlois presented two witnesses to support his affirmative defense: Mr. Cronin, the Allstate claims adjuster [4] and Mr. Soares. In issuing his decision, the trial justice described Mr. Soares as an "alert and intelligent young man," but said his testimony that he believed the $1,000 check to be reimbursement only for lost wages "strains creduli-

ty." The trial justice noted that plaintiff's injury was not a serious one and had resulted in only one visit to his physician, shortly after the accident. The trial justice further found that Mr. Soares lost four days of work, after which he returned to his position on the wait staff of a busy restaurant, "a physically challenging job involving lots of walking * * * and carrying heavy objects."

With respect to the notation on the check, the trial justice determined that Allstate had reached a legitimate conclusion that plaintiff's claim "would warrant a thousand dollar payment." He also noted that the subsequent letter from Mr. Soares's attorney made "no reference whatsoever to any physical injury or disability claimed to have resulted from that accident." The trial justice concluded, "I think in the totality of the circumstances here this was the payment for the injury and Mr. Soares believed it at the time he negotiated the check and continued to believe it when he sought the assistance of [his attorney] to help him with his property damage difficulties."

We are satisfied that the trial justice neither overlooked nor misconceived material evidence, nor was he clearly wrong. This Court has stated that "a party who signs an instrument manifests his assent to it and cannot later complain that he did not read the instrument or that he did not understand its contents." *F.D. McKendall Lumber Co. v. Kalian,* 425 A.2d 515, 518 (R.I.1981). The language at issue, however, must be "printed in such a way as to be likely to come to the attention of the party receiving it." *Id.* Although the statement at issue here was not in bold print,[5] it was

---

**4.** Mr. Cronin was no longer employed by Allstate at the time of the trial.

**5.** We observe that it would have been preferable for Allstate to place the statement signifying an accord and satisfaction in bold print, as did its appellate counsel in its written submissions to this Court. *See D'Antuono v. CCH Computax Systems, Inc.,* 570 F.Supp. 708, 714 (D.R.I.1983).

conspicuous on the front of the check. Significantly, Mr. Soares testified that he read it before negotiating the check. Moreover, the trial justice did not predicate his decision solely on the language on the check; rather, he made credibility determinations and clear findings about the totality of the circumstances. Specifically, he found that Allstate acted in good faith in tendering the check and the plaintiff understood the payment to be for his personal injuries. We perceive no reason to disturb his findings.

## Conclusion

Accordingly, we affirm the judgment of the Superior Court and remand the papers in the case thereto.