# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-60
Lower Tribunal Nos. 12-9865 SP, 19-242 AP
_____

**United Automobile Insurance Company,**
Appellant,

vs.

**Rivero Diagnostic Center, Inc., a/a/o Carlos Bacallao,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

Michael J. Neimand, for appellant.

A Able Advocates – Stuart L. Koenigsberg, P.A., and Stuart L. Koenigsberg, for appellee.


Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

## INTRODUCTION

United Automobile Insurance Company (United Auto) appeals final summary judgment entered in favor of Rivero Diagnostic Center, Inc. (Rivero Diagnostic) on United Auto's defense of accord and satisfaction.[1] We reverse, and hold that the language displayed on the check issued by United Auto satisfied the "conspicuous statement" requirement of Florida's Accord and Satisfaction statute, section 673.3111(2), Florida Statutes (2008), and the trial court erred in finding to the contrary.

## FACTS AND BACKGROUND

Carlos Bacallao was involved in an automobile accident on March 10, 2008. Bacallao received medical services from Rivero Diagnostic and later assigned to the company his rights to personal injury protection ("PIP") benefits under a policy of insurance issued by United Auto. Rivero Diagnostic submitted a claim to United Auto for PIP benefits, seeking payment for medical services and treatment provided to Bacallao, and United Auto issued a check on July 21, 2008, which Rivero Diagnostic endorsed and cashed. Rivero Diagnostic claims that United Auto refused to

---

[1] Following the order on appeal being issued, the case proceeded to jury trial and the jury rendered a verdict in favor of Rivero. Final judgment was then entered and this appeal followed. The only issue raised in this appeal is whether the trial court erred in granting summary judgment on the accord and satisfaction defense.

pay Rivero Diagnostic for all medical treatment and services provided to Bacallao, and in May 2012, filed a breach of contract claim against United Auto. In its amended answer, United Auto raised the affirmative defense of accord and satisfaction, asserting the check issued to Rivero Diagnostic contained conspicuous language that the check was in "FULL & FINAL PAYMENT OF PIP BENEFITS," and that the check was endorsed and cashed by Rivero Diagnostic. Below is the check sent to Rivero Diagnostic, together with the statement (or stub) attached to the check:



Thereafter, Rivero Diagnostic filed a motion (later amended) for summary judgment on United Auto's accord and satisfaction defense. Rivero Diagnostic conceded that United Auto issued the above check and statement to Rivero Diagnostic and that Rivero Diagnostic cashed the check. However, Rivero Diagnostic contended the "full and final" language was not

"conspicuous" as required by Florida law, and therefore United Auto could not establish the defense of accord and satisfaction. Following a hearing, the trial court granted Rivero Diagnostic's motion for summary judgment on United Auto's accord and satisfaction defense, concluding that the "full and final" language was not conspicuous. This appeal follows, and we review de novo the trial court's order granting summary judgment. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 125, 130 (Fla. 2000); Sierra v. Shevin, 767 So. 2d 524 (Fla. 3d DCA 2000).

**ANALYSIS AND DISCUSSION**

Although the defense of accord and satisfaction was recognized at common law, see Hannah v. James A. Ryder Corp., 380 So. 2d 507 (Fla. 3d DCA 1980), that common law concept has largely been supplanted by Florida's adoption of the Uniform Commercial Code, chapters 670-680. Relevant to the instant case, Chapter 673 generally addresses negotiable instruments and, in particular, section 673.3111—entitled "Accord and satisfaction by use of instrument"—provides in pertinent part that a claim may be discharged by way of an accord and satisfaction

> if the person against whom the claim is asserted proves that the instrument or an accompanying written communication **contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction** of the claim.

§ 673.3111(2), Fla. Stat. (2008) (emphasis added).

5

Additionally, Chapter 671 contains general provisions and definitions, including the definition of "conspicuous," as that term is used in the accord and satisfaction context:

(10) "Conspicuous," with reference to a term, means **so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it.** Whether a term is "conspicuous" is a decision for the court. Conspicuous terms include the following:

(a) A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and

(b) Language in the body of a record or display in larger type than the surrounding text or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

§ 671.201(10), Florida Statutes (2008) (emphasis added).

The Uniform Commercial Code comment relevant to the definition of "conspicuous," provides:

[The definition of the term "conspicuous"] is intended to indicate some of the methods of making a term attention-calling. But the test is whether attention can reasonably be expected to be called to it.

In the instant case, the payee line on the check at issue contains the language "FULL & FINAL PAYMENT OF PIP BENEFITS."  The check also contains the policy number, claim number, assignor/patient, and the date of

service (DOS). In like fashion, the attached statement or check "stub" contains the identical information in a virtually identical format.

The question is whether the above language was "conspicuous"—that is, whether it is "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." § 671.201(10). We hold that the language is conspicuous, and that the trial court erred in determining otherwise.

We reject the argument that the language cannot be deemed "conspicuous" because it does not satisfy any of the examples described in the definitional section 671.201(10). A plain reading of the statute reveals that these are simply examples of conspicuousness, and that they are not the exclusive manner by which a statement or term can be deemed conspicuous. Indeed, and as noted earlier, the official Uniform Commercial Code comment provides, the definition of "conspicuous" is "intended to indicate some of the methods of making a term attention-calling," but instructs that the ultimate test is simply "whether attention can reasonably be expected to be called to it." This is also consistent with the Uniform Commercial Code comment that follows section 673.3111's accord and satisfaction provision, which observes:

> [The accord and satisfaction statute] requires a "conspicuous" statement that the instrument was tendered in full satisfaction of

7

the claim. "Conspicuous" is defined in Section [671.201](10). The statement is conspicuous if "it is so written that a reasonable person against whom it is to operate ought to have noticed it." **If the claimant can reasonably be expected to examine the check, almost any statement on the check should be noticed and is therefore conspicuous.**

§ 673.3111, Fla. Stat. (2020), cmt. 4.

Additionally, we find guidance in the comments to section 1-201 of the Uniform Laws Annotated of the Uniform Commercial Code[2], which provide, inter alia:

10. "Conspicuous." Derived from former Section 1-201(10). This definition states the general standard that to be conspicuous a term ought to be noticed by a reasonable person. Whether a term is conspicuous is an issue for the court. Subparagraphs (A) and (B) set out several methods for making a term conspicuous. Requiring that a term be conspicuous blends a notice function (the term ought to be noticed) and a planning function (giving guidance to the party relying on the term regarding how that result can be achieved). **Although these paragraphs indicate some of the methods for making a term attention-calling, the test is whether attention can reasonably be expected to be called to it. The statutory language should not be construed to permit a result that is inconsistent with that test.**

---

[2] Florida's Uniform Commercial Code (UCC) accord and satisfaction defense was adopted verbatim from the Uniform Laws Annotated of the UCC, section 1-201. In such situations, Florida courts often rely upon the Code and its comments for guidance. See e.g., Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So. 2d 967, 971 (Fla. 3d DCA 1998) (noting: "Although the commentary to the UCC is not controlling authority, we are persuaded by the expressed intent of the drafters" (internal citations omitted); Allen v. Coates, 661 So. 2d 879, 882 (Fla. 1st DCA 1995) (noting, "we are guided by the official comments of the Uniform Commercial Code adopted in Florida.")

U.C.C. §1-201, cmt. 10 (emphasis added).

Finally, and in the absence of any case law in Florida, "where a Florida statute is patterned after a statute of another state, we may look to the judicial interpretation of the other state as persuasive authority in interpreting the Florida statute." Dunn v. Doskocz, 590 So. 2d 521, 523 (Fla. 3d DCA 1991). See also In re Grubbs Constr. Co., 319 B.R. 698, 712 (M.D. Fla.) (noting: "Since the UCC has been adopted by all 50 states, and given the uniformity purpose of the UCC, decisions from other states are relevant" in interpreting the UCC in a particular state) (quotations omitted).

A number of states have adopted the identical version of Florida's statutory accord and satisfaction provision, as well as the definition of "conspicuous" used in that context. See, e.g., § 42a–3–311(b), Conn. Stat. Ann. (2021) ("Accord and Satisfaction by Use of Instrument" statute provides, in language identical to Florida's section 673.3111(2), that "the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim"); § 336.3-311(b), Minn. Stat. Ann. (2021) (same); § 8.3A-311(b), Virginia Code (2021) (same); § 3311(b), California Uniform Commercial Code (2021) (same); § 28-3-310(2), Idaho Code (2021) (same).

9

Decisions from those jurisdictions have held that the language used in this case, displayed on the face of a check in the same or similar manner, satisfies the "conspicuous statement" requirement for purposes of the statutory accord and satisfaction defense. See, e.g., Brouillard v. Reid, No. CV065001851, 2009 WL 455520 (Conn. Super. Ct. January 22, 2009) (holding words "FULL BALANCE DUE (RENT)" written in upper left corner of check satisfied "conspicuous statement" requirement under Connecticut's "Accord and satisfaction by use of an instrument" statute); Newman v. Marcus, No. A07-1165, 2008 WL 4224402 at *2-3 (Minn. Ct. App. September 16, 2008) (affirming trial court's determination that the words "Final Payment Settlement" displayed in the memo area on front of the check satisfied "conspicuous" requirement under statute); Brucato v. Ezenia!, Inc., 351 F. Supp. 2d 464, 469 (E.D. Va. 2004) (holding statement at top of accompanying letter that the enclosed check "represented payments for outstanding commission" was adequately conspicuous); Woolridge v. J.F.L. Electric., 117 Cal. Rptr. 2d 771 (Cal. App. Dep't Super. Ct. 2002) (holding where check bore the notation "For full and final settlement of your injury," on the front of the check such statement was conspicuous and satisfied the accord and satisfaction statute); Holley v. Holley, 915 P.2d 733, 740 (Idaho Ct. App. 1996) (holding that check satisfied conspicuous statement

requirement where it said "Paid in Full plus int. & late ch." in the memorandum section).  See also Soares v. Langlois, 934 A. 2d 806, 810-11 (R.I. 2007) (concluding that although the statement on the check—"SETTLEMENT FOR INJURY SUSTAINED FROM AUTO ACCIDENT ON 8-4-00"—was "not in bold print, it was conspicuous on the front of the check" and satisfied Rhode Island's common law requirement that the language must be "printed in such a way as to be likely to come to the attention of the party receiving it"); Auto Glass Express, Inc. v. Hanover Ins. Co., 912 A.2d 513, 518 (Conn. App. 2006)(affirming comment 4 to § 42a-03-311 of Connecticut's accord and satisfaction law which, in language identical to Florida's comment, notes: "If the claimant can reasonably be expected to examine the check, almost any statement on the check should be noticed and is therefore conspicuous.")

**CONCLUSION**

We hold that the "FULL AND FINAL PAYMENT OF PIP BENEFITS" language, displayed on the payee line on the front of the check, satisfied the "conspicuous statement" requirement of Florida's Accord and Satisfaction statute in that it was "so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." § 671.201(10), Fla. Stat.  We therefore reverse the summary judgment entered in favor of

11

Rivero Diagnostic on United Automobile's accord and satisfaction defense, and remand for further proceedings consistent with this opinion.